IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK HARGROVE, and RICARDA
HARGROVE, Husband and Wife,

      Plaintiffs,

v.

SALEM HOSPITAL, INC., a
Public Benefit Corporation,
and AMERICAN RED CROSS, a
Non-Profit Charitable
Corporation,

      Defendants.

3:16-CV-00870-BR

OPINION AND ORDER

DAVID K MILLER
STAN LEGORE
Miller & Wagner, LLP
2210 N.W. Flanders Street
Portland, OR 97210
(503) 299-6116

     Attorneys for Plaintiffs

KEITH J. BAUER
Parks Bauer Sime Winkler & Fernety LLP
570 Liberty Street, S.E.
Suite 200
Salem, OR 97301
(503) 371-3502

     Attorneys for Defendant Salem Hospital, Inc.

1 - OPINION AND ORDER

**KEVIN H. KONO**
**ELIZABETH K. BINGOLD**
Davis Wright Tremaine, LLP
1300 S.W. Fifth Avenue
Suite 2400
Portland, OR 97201-5630
(503) 241-2300

   Attorneys for Defendant American Red Cross

**BROWN, Judge.**

  This matter comes before the Court on the Motion (#6) to Remand of Defendant Salem Hospital, Inc., and Plaintiffs' Motion (#7) to Remand.  For the reasons that follow, the Court **GRANTS** the Motions to Remand.

<u>**BACKGROUND**</u>

  On February 4, 2016, Plaintiffs Mark and Ricarda Hargrove filed a complaint in Multnomah County Circuit Court against Defendants Salem Hospital, Inc., and American Red Cross asserting claims for negligence, medical negligence, and loss of consortium.

  On February 11, 2016, Plaintiffs served Salem Hospital with a summons and complaint.

  On April 21, 2016, Plaintiffs served American Red Cross with a summons and complaint.

  On May 19, 2016, American Red Cross removed the matter to this Court noting:

2 - OPINION AND ORDER

> Pursuant to 28 U.S.C. §§ 1441 and 1446 and 36
> U.S.C. § 300105 (formerly 36 U.S.C. § 2),
> defendant the American Red Cross ("Red Cross")
> hereby files, by its counsel, this Notice of
> Removal.
>
> * * *
>
> Pursuant to 28 U.S.C. § 1441(a), a defendant may
> remove an action filed in state court to the
> United States District Court if the district court
> has original jurisdiction over the action.
>
> This action is one over which the District Court
> has original jurisdiction because the United
> States Supreme Court has held that the Red Cross's
> charter creates original federal jurisdiction over
> suits involving the Red Cross and that therefore
> the Red Cross is entitled to remove to federal
> court all state court actions it is defending.
> *American National Red Cross v. S.G.*, 505 U.S. 247,
> 112 S. Ct. 2465, 120 L. Ed.2d 201 (1992).
>
> Specifically, 36 U.S.C. § 300105(a)(5) grants the
> Red Cross the power to "sue and be sued in courts
> of law and equity, state or federal, within the
> jurisdiction of the United States."  In *American
> National Red Cross v. S.G., supra*, the Supreme
> Court held that the Red Cross's right to "sue and
> be sued" in federal court arises out of a
> "separate and independent jurisdictional grant"
> conferred by the Red Cross's charter, which
> authorizes the Red Cross to remove from state to
> federal court any state-law action it is
> defending.  *American National Red Cross*, 505 U.S.
> at 258.

Notice of Removal at 1-2.  Defendant Salem Hospital did not

consent to removal.

On June 13, 2016, Salem Hospital filed a Motion to Remand on

the ground that removal was improper because it did not consent

to removal.

On June 18, 2016, Plaintiffs also filed a Motion to Remand

3 - OPINION AND ORDER

on the ground that removal was improper because Salem Hospital
did not consent to removal.  The Court took the Motions to Remand
under advisement on June 21, 2016.

## STANDARDS

28 U.S.C. § 1446(a) provides in pertinent part:  "A
defendant or defendants desiring to remove any civil action
. . . from a State court shall file in the district court of the
United States for the district and division within which such
action is pending a notice of removal."

A motion to remand is the proper procedure for challenging
removal.  *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th
Cir. 2007).  "Removal and subject matter jurisdiction statutes
are strictly construed, and a defendant seeking removal has the
burden to establish that removal is proper and any doubt is
resolved against removability."  *Hawaii ex rel. Louie v. HSBC
Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014)(quotation
omitted).

There is a "strong presumption against removal jurisdiction
[which] means that the defendant always has the burden of
establishing that removal is proper."  *Geographic Expeditions,
Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th
Cir. 2010)(quotation omitted).

**DISCUSSION**

As noted, Plaintiffs and Salem Hospital move to remand this matter on the ground that Salem Hospital did not consent to or join in removal as required by 28 U.S.C. §1446(b)(2)(A).

A defendant seeking to remove an action grounded in state law bears the burden to show "the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). The parties agree the provision to the American Red Cross Charter that authorizes the American Red Cross "to sue and be sued in courts of law . . ., State or Federal, within the jurisdiction of the United States" confers "original jurisdiction on federal courts over all cases to which the Red Cross is a party." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 248 (1992)(citing 36 U.S.C. § 2 [renumbered § 300105]). Thus, this matter "is within the original jurisdiction" of this Court.

In addition to satisfying jurisdictional requirements, however, a defendant seeking to remove an action from state to federal court must also follow the procedural rules set out in the removal statute or point to some other basis for removal. *Penetrante v. Jaguar Land Rover NA, LLC*, No. CV-16-2952-MWF (GJSx), 2016 WL 3457153, at *1 (C.D. Cal. June 24, 2016). As noted, Plaintiffs and Salem Hospital assert the procedural provisions that apply in this matter are 28 U.S.C. §§ 1441(a) and

5 - OPINION AND ORDER

1446(b)(2)(A).  28 U.S.C. § 1441(a) provides:  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." In turn, 28 U.S.C. § 1446(b)(2)(A) provides:  "When a civil action is removed solely under section 1441(a), *all* defendants who have been properly joined and served *must* join in or consent to the removal of the action."  Emphasis added.  Salem Hospital was properly served and joined in this matter and, therefore, according to Plaintiffs and Salem Hospital, it was required to consent to the removal of this matter.  Salem Hospital, however, did not and states it will not consent.

American Red Cross, however, asserts it did not remove this matter solely under § 1441(a), but instead removed it pursuant to the "sue or be sued" provision of its Charter, and, as a result, it contends the requirement of § 1446(b)(2)(A) that all defendants consent to removal does not apply.  Specifically, American Red Cross relies on the Supreme Court's statement in *S.G.* that because the American Red Cross Charter confers original jurisdiction, the American Red Cross "is thereby authorized to remove from state to federal court any state-law action it is defending."  505 U.S. at 248.  Although the Ninth Circuit has not addressed American Red Cross's argument that all defendants'

6 – OPINION AND ORDER

consent is not required for removal, other courts have noted several problems with this issue.

First, the Supreme Court noted in *S.G.* that "the Red Cross invoked the federal removal statute, 28 U.S.C. § 1441, to remove the . . . suit to the . . . District Court."  505 U.S. at 249. Although American Red Cross relied on its Charter to establish jurisdiction in *S.G.*, the Court notes it did not rely on its Charter to provide the procedural mechanism for removal.  As a result, the Supreme Court did not address or analyze in *S.G.* whether the American Red Cross Charter provided an independent basis for removal outside of § 1441.

Second, the American Red Cross Charter does not reference or grant on its face a statutory right to removal in contrast to certain other organizations whose enacting statutes specifically permit them to remove matters to federal court.  For example, the enacting statutes for the Federal Deposit Insurance Company (FDIC) not only provide for federal-court jurisdiction,[1] but also state the FDIC may "remove any action, suit, or proceeding from a State court to the appropriate United States district court."  12 U.S.C. § 1819(b)(2)(B).  Relying on this enacting language, courts have held the "FDIC's authority to remove under the

---

[1] The enacting legislation provides "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A).

statute . . . does not depend upon the consent of other
defendants" because it does not derive from § 1441.  *See, e.g.,*
*Casey v. FDIC*, 583 F.3d 586, 591 (8th Cir. 2009).  The court in
*Sturman v. Rush-Presbyterian St. Luke's Medical Center* evaluated
the issue of removal pursuant to the American Red Cross Charter
after *S.G.*:

> *S.G.* addressed *only* the question whether that
> enactment alone was enough to confer original
> jurisdiction on the federal courts.
>
> * * *
>
> But what Red Cross glosses over here . . . is that
> in *S.G.* Red Cross specifically looked to the
> *general removal statute*, 28 U.S.C. § 1441, as the
> sole predicate for bringing the case from the
> state court where it had been filed into the
> federal court (*see* 505 U.S. at 249).  And of
> course the reason that Red Cross had to do so was
> that not a word in the Title 36 enactment that
> gives legal life to Red Cross speaks directly to
> the subject of removal:  Instead the potential for
> Red Cross' removal of any state court lawsuit into
> the federal system is a consequence flowing from
> the fact that the *S.G.* [court] found that all
> litigation in which Red Cross is involved is
> "federal question" litigation (and is hence within
> the purview of Section 1331).  Because the
> authority of federal courts to hear cases derives
> solely from Congress, and because the quoted "sue
> and be sued" provision is totally silent on the
> subject of removal, it is necessary to look
> elsewhere for the source of federal judicial power
> in the removal context — and as *S.G.* itself
> demonstrates (for it does not discuss the subject
> in any other respect), "elsewhere" has to be
> Section 1441(a), which grants "the defendant or
> the defendants" the right of removal of "any civil
> action brought in a State court of which the
> district courts of the United States have original
> jurisdiction."

128 F. Supp. 2d 1141, 1141-42 (N.D. Ill. 2001)(emphasis in original).

Finally, Salem Hospital points out that even after *S.G.*, American Red Cross previously represented to this Court that its removal authority is based on § 1441. *See, e.g., Combs v. Am. Red Cross*, No. 92-805-FR, 1992 WL 349638, at *2 (D. Or. Nov. 16, 1992)[2] ("The American Red Cross contends [the] ruling of the United States Supreme Court in *American Nat'l Red Cross v. S.G.* . . . entitles [it] to remove this action, including the state claims of a non-diverse party, from state court to this court *pursuant to 28 U.S.C. § 1441*.")(emphasis added).

In light of these factors, the Court concludes American Red Cross has not established its Charter provides an independent basis for removal jurisdiction. American Red Cross, therefore, must rely solely on the original jurisdiction removal provision of § 1441(a) to authorize removal of the matter to this Court. As a result, the requirement of § 1446(b)(2)(A) that "all defendants who have been properly . . . served must . . . consent to the removal" applies to American Red Cross's removal of this matter. Because, as noted, Salem Hospital did not and states it will not consent to removal, and keeping in mind the Ninth Circuit's holding that there is a "strong presumption against

---

[2] Ninth Circuit Rule 36-3(c)(ii) provides unpublished dispositions issued before January 1, 2007, "may be cited . . . by any other courts in this circuit for factual purposes" only.

removal jurisdiction" *(Geographic Expeditions*, 599 F.3d at 1107), the Court concludes American Red Cross did not properly remove this matter.

Accordingly, the Court grants the Motions to Remand of Plaintiffs and Salem Hospital.

## <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** the Motion (#6) to Remand of Defendant Salem Hospital, Inc., and **GRANTS** Plaintiffs' Motion (#7) to Remand.

IT IS SO ORDERED.

DATED this 3rd day of August, 2016.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER